Per Curiam.
It appears from the bill, answer, and testimony, that the complainant, about the year 1806, had a bond on Mr. Ervin for ¿£200, Virginia currency; that he placed it in the hands of his father-in-law, C. Puckett, deceased, for collection ; and in order to secure it from his just creditors, made an assignment thereon to Puckett, who put it into the hands of Colonel Allen for collection ; that Allen, in 1797, paid a part of the money to C. Puckett’s creditors, and at sundry times paid the residue to William O. Bryant, the complainant, or to others for his use ; that C. Puckett paid, in 1806 and 1807, divers sums to or for the use of the complainant, O. Bryant. The account has been referred to the clerk and master to report thereon, who has reported that a balance of $77.04f is not yet paid. The defendant who is administrator of his father’s estate, insists that the whole has been paid, but is unable to produce vouchers or to prove any other payments, and ajso * pleads the statute of limitations in bar of the demand.
Prom the uniform decisions upon this subject, that an express trust is not barred by the act of limitations, and from the evidence in this cause of the frequent advances of money by Puckett to O. Bryant, or payments made by Allen to him, it clearly appears that Puckett considered himself only a trustee, and that he was accountable for the money. The statute therefore will not operate as a bar. Nor will the objection prevail-that the court has not jurisdiction. Courts of equity have always had jurisdiction to compel sureties to account. Exceptions have been taken to the report that interest has not been allowed on the sum of f 77.Oil-reported due. This exception is allowed. Interest ought to be paid from the time the trust ceased, that is, from the time a demand was made, which, in this case, will be from the commencement of this suit, as no prior demand to account has been proved. It is therefore ordered that the clerk rectify this part of his report by calculating interest from that time. It was also referred to the *207 clerk to report what assets came to the hands of the administrator, how he has disposed of the same, and how much yet remains in his hands to be administered. To this report exceptions have also been filed. The first items of the account, debt and interest, and costs of a judgment by Douglas Puckett in 1804, are contested, and it is insisted that the judgment was obtained by fraud. How far this judgment is fraudulent as to creditors, the court are not agreed, from the evidence produced, but it is good against distributees and must be retained in the administrator’s account. This was a judgment obtained by Puckett, the administrator, against the intestate in his lifetime. Exception is taken to No. 2, cash paid David Buchannon, $6.06 allowed'. It appears that Douglas Puckett was jointly concerned with others in the note, and as his signature stands first, it does not appear but that it was his own debt. * The exception to his own proven account is allowed, except as to the sum of three dollars for moving the furniture, and $2.50 paid Bennet Searsy. It was decided at Carthage the last term, in the case of Stephenson v. Yandle, and that decision is still believed to be correct, that an executor or administrator is not as against creditors allowed to retain anything in his hands for personal services, but only for his reasonable charges and disbursements, and such debts as he shall legally pay. 1789, ch. 23, § 2. When the report shall be thus rectified it will appear th^t the administrator has in his hands assets sufficient to pay the sum reported due; that is to say, $77.04|, with interest from the commencement of this suit, for which there ought to be a decree. But this bill is also brought for a distributive share of the estate of C. Puckett, deceased. This is claimed in right of his wife, the daughter of S. Puckett. He cannot, as Judge Roane thinks, recover anything on this part of his bill, for two reasons. First, his wife is not made a party. It is believed to be a good general rule, that in all cases where the right or cause of action survives to the wife after the death of her husband, that she ought to be made a party. 1. C. D. “ Baron and Feme,” Letter Y, Letter W, Letter X, Letter F. There is no doubt but a distributive share survives to the wife, if not reduced into possession, or recovered by the husband in his lifetime, and will, on his death, go to, the wife, and not to his representatives. But an insurmountable objection to the plaintiff’s recovery is, that there is nothing to distribute. Whatever may be said respecting *208 the judgment from Virginia, as it respects creditors, it is certainly good against C. Puckett and his representatives, and the administrator will be allowed to retain it as against them. If anything remains after that, the complainant is not entitled to any share of it. It appears by the report that he has received $150 in advancement, which is * much more than any other of the distributees can get. The last, and perhaps the most important consideration respects the costs. The complainant brings his bill in a double capacity, as creditor and distributee. He succeeds in the first character; but the administrator prevails in the last. Costs are regulated by the judicial discretion of the court; and if in this case it could readily be determined what costs had accrued in each branch of the case, it might be proper to class the costs according to the decision. But as this appears difficult, if not impracticable, let the costs be divided, each party to pay a moiety thereof.
See, as to the application of the statute of limitations to trusts, Coleson v. Blanton, 3 Hay. 152, note sub fin. As to retainer, Stephenson v. Yandle, 3 Hay. 109; Stephenson v. Stephenson, 3 Hay. 123; Code, 2311. See King’s Digest, 2484, 6720, 7276, 8259, 9590.